IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| State of North Dakota, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02:06-cv-96 |
| | ) | |
| Peter Grzeskowiak, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is Peter Grzeskowiak's request to proceed *in forma pauperis* (IFP) (Doc. #1) and accompanying complaint. The above caption reflects the case title as stated by Grzeskowiak. Under 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons, the magistrate judge concludes Grzeskowiak has failed to state a claim for which relief can be granted in federal court and **RECOMMENDS** that Grzeskowiak's request to proceed IFP **BE DENIED**.

Although the court had difficulty deciphering the complaint, the court concludes that Grzeskowiak is attempting to remove a criminal case pending in state district court to federal court.[1] Under § 1446(c)(4), the district court must promptly examine a notice of removal of criminal prosecution. If it clearly appears on the face of the notice and any annexed exhibits that removal should not be permitted, the court shall order summary remand.

---

[1] On December 1, 2006, the court received a letter from Grzeskowiak. In the letter Grzeskowiak states he "ha[s] a removal action pending before this court."

Grzeskowiak has not complied with the requirements[2] of § 1446(a), which establishes the procedure for removing a case to federal court:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In addition to Grzeskowiak's failure to comply with the procedural requirements, the substance of the complaint demonstrates that this case does not qualify as criminal case eligible for removal.

State criminal proceedings can be removed to federal court in limited circumstances.  <u>See</u> 28 U.S.C. § 1442 (involving the prosecution of federal officers); 28 U.S.C. § 1442a (involving the prosecution of Armed Forces members); 28 U.S.C. § 1443 (involving civil rights cases).

Grzeskowiak asserts jurisdiction arises under 28 U.S.C. § 1443.  He also asserts jurisdiction arises under the First Amendment and Speedy Trial Act.  He appears to claim violation of civil rights related to a physical disability.  He also lists numerous complaints about the method in which his case has proceeded in state court.  Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal

---

[2] Grzeskowiak did not provide copies of the state court pleadings.  For criminal cases, § 1446(c)(1) also provides deadlines for removal process.  From the face of the complaint, the court cannot determine whether Grzeskowiak complied with such requirements.

rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The United States Supreme Court has held that

> [T]he phrase "any law providing for . . . equal civil rights" must be construed to mean any law providing for specific civil rights stated in terms of racial equality. Thus, the defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands.

Georgia v. Rachel, 384 U.S. 780, 792 (U.S. 1966).

Grzeskowiak argues his criminal case should be removed to federal court because his civil rights have been violated. However, the alleged violation of "civil rights" appears to concern his self-described disability. Such allegations are not encompassed by the protections of § 1443, which is limited to civil rights violations concerning race.

Because Grzeskowiak's complaint fails to state a claim for which relief can be granted in federal court, the magistrate judge **RECOMMENDS** that Grzeskowiak's IFP application **BE DENIED**. The magistrate judge also **RECOMMENDS** this case be summarily remanded back to state court.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 8th day of January, 2007.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge